### STREICH v. MARKOWITZ.

(Supreme Court, Appellate Term. May 14, 1912.)

1. JUDGMENT (§ 143*)—DEFAULT—OPENING—AGREEMENT WITH PARTY TAKING DEFAULT.

Where on February 17th defendant's attorney notified plaintiff's attorney that he was obliged to leave the city on the 19th to try an important case in another city, and would not return until the 22d, and, although plaintiff's attorney denies that he consented to an adjournment, he does not claim that he expressed any objection to defendant's attorney's absence, but on the 19th he notified defendant's attorney that he would in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sist on the case going to trial on the 20th, defendant's default, caused by the absence of his attorney, should be opened.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

2. JUDGMENT (§ 138*)—DEFAULT—OPENING—GROUNDS FOR DENIAL.

The opening of a party's default should not be denied because of the absence of a witness for the adverse party, where it does ·not appear that such witness will not return, or that his deposition cannot be obtained, or even to what facts he would testify.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

Appeal from City Court of New York, Special Term.

Action by Miriam Streich against Morris Markowitz. From an order denying defendant's motion to open his default, he appeals. Reversed, and motion granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ..

James I. Cuff, of New York City, for appellant.

Julius Hahn, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for respondent.

LEHMAN, J. The defendant herein appeals from an order denying his motion to open his default.

[1] It appears that when the case was called for trial on February 20th the defendant's attorney was absent from the city for the purpose of engaging in the trial of a case in a federal court of another district. He does not claim that he had a legal excuse for his failure to appear, but he claims that his failure was due to the attitude of the plaintiff's attorney. He informed the plaintiff's attorney on February 17th that he was obliged to leave the city on the 19th for the trial of an important case in Charleston, S. C., and that he would return only on February 22d. He claims that plaintiff's attorney then consented to adjourn the case, and informed him only on February 19th that, owing to the fact that a material witness was about to leave the state, the plaintiff would insist on proceeding on the 20th. If this affidavit is true, then I think the default should obviously have been opened. The defendant's attorney, having been misled by his opponent into making arrangements to try a case in another and distant jurisdiction, should not at the last moment be compelled to elect between the sacrifice of the interest of one client or another.

[2] The plaintiff, however, denies that he consented to an adjournment on February 17th. He does not, however, state that he expressed any objection to the announced intention of defendant's attorney to be absent on February 20th, and this fact is significant, in view of the admitted fact that only on February 18th did he discover that a material witness would leave the state, and that he informed the defendant's attorney on February 19th that for this reason he would insist upon the case being tried on February 20th. The plaintiff now urges that the default should not be opened because of the absence of this material witness. It does not, however, appear that

the witness will not return, or that his deposition could not be obtained, or even to what facts this witness will testify.

Order should be reversed, without costs, and motion granted, on condition that defendant pay the taxable costs to date and stipulate to pay the disbursements necessary to obtain the deposition of the absent witness.  All concur.